# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|  |  |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| AUDREY EVE SCHATZ, ) | Case No. 14-30835-EDK |
| ) | |
| Debtor ) | |
| ) | |
| AUDREY EVE SCHATZ, ) | Adversary Proceeding |
| ) | No. 15-3001 |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, ACS LOAN SERVICING, ) | |
| INC., ACCESS GROUP, INC., and ) | |
| MASSACHUSETTS EDUCATIONAL ) | |
| FINANCING AUTHORITY, ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OF DECISION AFTER REMAND

Before the Court, on remand from the United States Bankruptcy Appellate Panel for the First Circuit ("BAP"), is the complaint filed by Audrey Eve Schatz (the "Debtor") seeking a determination that her student loan debts are dischargeable pursuant to § 523(a)(8) of the United States Bankruptcy Code.[1] The BAP vacated and remanded this Court's earlier judgment in which this Court found that, considering the equity in the Debtor's homestead, repayment of the student loans would not constitute an "undue hardship" within the meaning of § 523(a)(8). While agreeing

---

[1] All references to statutory sections are to provisions of the Bankruptcy Code, see 11 U.S.C. §§ 101 et seq., unless otherwise stated.

with this Court that the totality of the circumstances test is the applicable standard, the BAP determined that the totality of the circumstances test is not a totality of *all* the circumstances test. In particular, the BAP took exception with this Court's reliance on the equity in the Debtor's homestead as a determining factor. The BAP held that, in light of § 522(c) (providing that exempt property is not liable for any pre-petition debt of a debtor), the fraud exception in § 522(c)(4), the strong public policy of supporting exemptions (especially where a homestead exemption is concerned), and this Court's failure to write a more fulsome evaluation of other relevant factors, that the totality of the circumstances test was misapplied. *See Schatz v. Access Group, Inc. (In re Schatz)*, 602 B.R. 411 (B.A.P. 1st Cir. 2019).

As the BAP noted, this Court did not make detailed findings regarding "the debtor's income and expenses, the debtor's health, age, education, number of dependents and other personal or family circumstances, the amount of the monthly payment required, the impact of the general discharge under chapter 7 and the debtor's ability to find a higher-paying job[,] move or cut living expenses." *Hicks v. Educ. Credit Mgmt Corp. (In re Hicks)*, 331 B.R. 18, 31 (Bankr. D. Mass. 2005); *see Schatz*, 602 B.R. at 427. As noted in this Court's previous Memorandum of Decision, however, the Debtor's gross income before law school never exceeded $20,000 annually and has been between $21,000 and $25,000 since law school. *Schatz v. U.S. Dept. of Educ.* (*In re Schatz*), 584 B.R. 1, 3 (Bankr. D. Mass. 2018). This Court further found that "the Debtor lives a rather spartan lifestyle not susceptible to further reduction of necessary expenses." *Id.* at 4.

The defendants' argument that the Debtor is underemployed (especially considering the uncompensated services she provides to the Berkshire Center for Justice) is compelling. However, the total monthly payments that would be required on the student loans at issue here[2] would be

---

[2] Although the Debtor originally sought to discharge student loans held by 3 entities – Massachusetts Educational Financing Authority ("MEFA"), Access Group, Inc. ("Access"), and the United States Department of Education ("DOE") – the Debtor reached a stipulation with the DOE under which the Debtor

approximately $1,000 per month.³ Based on the Debtor's age, history of employment, and state of health, this Court is persuaded that the Debtor is not currently, or in the foreseeable future, able to increase her annual income over reasonable expenses by approximately $12,000. Even were the Debtor to find additional employment, this Court finds that the Debtor would require those excess funds to cover necessary medical and dental procedures and other expenses that she is currently unable to afford. Furthermore, this Court finds that the ability of the Debtor to relocate to earn more money is not only highly unlikely, but is also contrary to the BAP's opinion emphasizing the importance of protecting the Debtor's homestead.

For the reasons set forth herein, the Court finds that excepting the Debtor's student loans from discharge would impose an undue hardship on her. Accordingly, the Court will enter a judgment for the Debtor, ruling that her student loan obligations to the remaining defendants, MEFA and Access, are discharged in the Debtor's Chapter 7 bankruptcy case, as "excepting such debt from discharge . . . would impose an undue hardship on the debtor" pursuant to § 523(a)(8). A judgment consistent with this Memorandum will issue forthwith.

DATED: October 2, 2019

By the Court,

*[signature]*

Elizabeth D. Katz
United States Bankruptcy Judge

---

would make income-contingent repayments (anticipated to be $0.00) for 5 years, following which those particular loans would be considered discharged in the Bankruptcy Case. At issue here are the remaining student loans held by MEFA (approximately $28,000) and Access (approximately $82,000).

³ The parties have stipulated that the required monthly payments on the MEFA loan would be $247.45 for 15 years and for the Access loan, the monthly payment would be $799.28 for at least 12 years. A.P. No. 15-3001, Docket #122.